Citation Nr: 1438757 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 11-17 813 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to a compensable evaluation for the bilateral hearing loss disability. 


REPRESENTATION

Veteran represented by: Colorado Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Nathanson, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from August 1972 to December 1977.

This matter comes before the Board of Veterans' Appeals (Board) from a June 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, that in pertinent part, granted service connection for a bilateral hearing loss disability and assigned a noncompensable evaluation.

In August 2013, the Board remanded this matter to provide the Veteran with a hearing. 

The Veteran testified at a hearing conducted by the undersigned Veterans Law Judge in July 2014; a copy of the hearing transcript is of record. 

A review of the Virtual VA and VBMS electronic claims files reveal a copy of the hearing transcript and additional VA treatment records. 

The appeal is being remanded to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required on his part.


REMAND

The Veteran seeks a compensable evaluation for his service-connected bilateral hearing loss disability. 

In April 2010, he was afforded a VA examination to determine the severity of the hearing loss. In his June 2011 VA Form 9 and at the July 2014 hearing, the Veteran stated that his hearing loss had increased in severity since the VA examination. As such, the Board finds that a new examination is necessary to determine the current severity of the bilateral hearing loss disability. See 38 C.F.R. §§ 3.326, 3.327 (reexaminations will be requested whenever VA determines there is a need to verify the current severity of a disability, such as when the evidence indicates there has been a material change in a disability or that the current rating may be incorrect); Snuffer v. Gober, 10 Vet.App. 400, 403 (1997); VAOPGCPREC 11-95.

Accordingly, the case is REMANDED for the following action:

1. The RO should take appropriate steps to contact the Veteran in order obtain and associate with the record copies of any outstanding VA and private medical records referable to treatment rendered to the Veteran for the bilateral hearing loss disability.

The Veteran should also be notified that he may submit medical evidence and clinical records to support his claim.

2. The RO should then have the Veteran scheduled for a VA examination to determine the current severity of the service-connected bilateral hearing loss disability.

The claims file and a copy of this remand should be provided to the examiner for review.

Any studies, tests, and evaluations deemed necessary by the examiner should be performed, to include the Maryland CNC test and a puretone audiometry test.

3. After completing all indicated development, the RO should readjudicate the claim remaining on appeal in light of all of the evidence of record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a fully responsive Supplemental Statement of the Case and afforded a reasonable opportunity for response.

Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate disposition.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).